**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROSENGART,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BYNDFIT, ET AL.,<br><br>　　　　　　Defendants. | Civil Action No. 1:23-cv-02635<br><br>Judge Chrisopher Nichols |

**PLAINTIFF'S MOTION FOR REMAND AND FEES FOR IMPROPER REMOVAL
WITH INCORPORATED STATEMENT OF POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1447, Plaintiff Michael Rosengart ("Plaintiff"), through counsel, respectfully files this Motion for Remand and Fees for Improper Removal with Incorporated Statement of Points and Authorities seeking return of an action improperly removed from D.C. Superior Court on the basis of an untimely, false diversity jurisdiction assertion by *pro se* defendant Raymond Rahbar, Jr. ("Rahbar"), who holds a JD and LLM, but is not admitted to practice law. Plaintiff also seeks an award of fees and costs pursuant to § 1447(c).

Rahbar filed his Notice of Removal (Doc. 1) ("Notice"), which is his third improper removal of this case (the first two have already been remanded)[1], **more than three years after all**

---

[1] Rahbar's two prior improper removals to of this case to federal court are:

*Rosengart v. BYNDfit, LLC, et al.* (*In re BF Management, LLC*), Ch. 11 Case No. 23-109190-BFK, Adv. No. 23-01027-BFK (Bankr. E.D. Va. June 2, 2023) (remand ordered by Judge Kenney on July 11, 2023, Doc. 16, because Rahbar removed from the District of Columbia to the Eastern District of Virginia in violation of 28 U.S.C. § 1452, which permits removal only to the same district as the pending action).

*Rosengart v. BYNDfit, LLC, et al.* (*In re BF Management, LLC*), Ch. 11 Case No. 23-10019-ELG, Adv. No. 23-10019-ELG, (Bankr. D.D.C. Jul. 20, 2023) (remand ordered by Judge Gunn on Sept. 6, 2023, Doc. 17, based on abstention under 28 U.S.C. § 1334).

**of the defendants were served and** <u>**mere minutes before a thrice-rescheduled *ex parte* hearing**</u> <u>**on damages following the entry of a default**</u> against Rahbar's BYNDfit partnership in Superior Court. **Rahbar, as a partner in BYNDfit, stands to be held individually liable for a potential seven-figure judgment when the damages hearing is permitted to proceed**.

The case must be remanded for at least three reasons: 1) the Court lacks subject matter jurisdiction since there was no diversity when the case was filed (and there is no diversity now); 2) the Notice is nearly 1,000 days late; and 3) Defendant BF Management LLC is in Chapter 7 bankruptcy and the trustee has not consented to the untimely removal of the action as required by 28 U.S.C. § 1446(b)(2)(A). *See In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va Sept. 13, 2023) Doc. 47 (order converting voluntary Chapter 11 petition to Chapter 7 upon motion by Office of the U.S. Trustee due to apparent fraud).

## I.    Background.

Plaintiff filed his complaint on March 10, 2020, alleging seven claims, all stemming from his employment by several individuals and companies operating as BYNDfit, which was to open and operate two new gyms in the District of Columbia. *See* Compl. *Rosengart v. BYNDfit, LLC, et al.*, No. 2020 CA 001710 B ("*Rosengart I*"). **Exhibit 1**. The Complaint's main thrust is wage theft and retaliation in violation of the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.* ("DCWPCL"). The DCWPCL provides for individual liability against any person who violates the law, whether they be an owner or manager. D.C. Code § 32-1308(a)(1)(D). The remaining counts are related to the breach of Plaintiff's employment agreement, common law fraud, and unauthorized use of Plaintiff's image. All of the claims are based on state law. Plaintiff did not raise any claims under the Fair Labor Standards Act, or any other federal law.

The defendants originally named in *Rosengart I* were Rahbar, Carl Heinz Pierre ("Pierre"), Ryan Macaulay ("Macaulay") (collectively, the "Individual Defendants"), and BYNDfit LLC (as a purported limited liability company) ("BYNDfit"), BF Management LLC ("BF Management"), and BYND Holding LLC ("BYND Holding") (collectively, the "Entity Defendants"). The docket for *Rosengart I* is attached as **Exhibit 2**.

The Individual Defendants repeatedly held themselves out as "BYNDfit, LLC" and variations thereof in dealings with Plaintiff, vendors, contractors, and the public. It was under this purported limited liability company that the Defendants hired Plaintiff, first with an oral offer, and later with a letter on BYND Fit, LLC letterhead from Rahbar as CEO. *See* Compl. ¶¶ 4, 7-11, 25-35. However, no one ever registered BYNDfit as a limited liability company, corporation, or any other entity, and it was never registered as a trademark, tradename, or fictitious name at any time relevant to the litigation. *See* Compl. ¶ 4.

Under D.C. Code § 29-602.02, the default form of business is a partnership, meaning that if the Defendants were carrying on business together as BYNDfit, but never bothered to form BYNDfit as any type of registered entity or tradename, they formed a partnership. *See* D.C. Code § 29-602.02(a) ("the association of 2 or more persons to carry on as co-owners of a business for profit shall form a partnership, whether or not the persons intend to form a partnership"). Many months after the litigation commenced, Rahbar registered BYNDfit for the first time as a fictitious name for BYND Holding and BF Management in Virginia, in an attempt to avoid the partnership liability that he negligently created for himself and his partners. BYNDfit then moved to dismiss and filed false exhibits that concealed the effective date of the fictitious name registration. The Superior Court denied the motion. *See* **Exhibit 2** at 11, 14.

Plaintiff eventually discovered that he worked for a maze of companies, not "BYNDfit, LLC." His paychecks, often short and late and which never had paystubs, were from BYND Holding and signed by Rahbar. Compl. ¶¶ 47, 49, 58, 60, 62, 64, 73. In an online human resources program called Gusto, Rahbar listed Plaintiff as an employee of BF Management. Compl. ¶¶ 40-42. Plaintiff later learned that his work was to open a gym owned by BF Chinatown, LLC and he was ordering equipment for this company, but using variations of BYNDfit including BYND.fit. He also learned that his work would be used by another gym, BF Georgetown Waterfront, LLC. In Paycheck Protection Program ("PPP") loan applications used to fraudulently obtain more than $1 million, Andrea Macaulay claimed to be the 85% owner of BF Chinatown and listed Plaintiff as an employee of her company. In short, Plaintiff learned that he worked for many, many companies, and people, not just BYNDfit, LLC, which did not actually exist.

Once litigation commenced, Defendants repeatedly represented that Pierre and Macaulay had no ownership interest in the Entity Defendants and argued that they were improperly named. In good faith, Plaintiff voluntarily dismissed Pierre and Macaulay without prejudice in February 2021. When Plaintiff deposed Rahbar individually and as the corporate representative for the Entity Defendants, Rahbar testified under oath that Pierre and Macaulay owned no interest in the Entity Defendants.

Through third party discovery, Plaintiff learned not only that the Defendants gave false sworn testimony as to the ownership and control of the Entity Defendants, but that according to tax records, financing agreements, and loan documents, Pierre, Ryan Macaulay, and Andrea Macaulay (Ryan Macaulay's wife) were, in fact, majority owners and officers of the Entity Defendants and partners in BYNDfit at all times relevant to this case. Accordingly, Plaintiff initiated a second lawsuit against Pierre, Ryan Macaulay, and Andrea Macaulay, which is now

4

pending. That case is *Rosengart v. Pierre, et al*, No. 2023 CAB 000056 (D.C. Super. Ct.) ("*Rosengart II*").[2] With the assistance of Rahbar as his unlicensed lawyer, Ryan Macaulay has also filed three improper removals to federal court in *Rosengart II*. Ryan Macaulay filed the latest improper removal in this Court on September 27, 2023, and the case number is 1:23-cv-2863.

## II.    The Burden is on the Party Seeking Removal to Establish Jurisdiction

Federal courts are courts of limited jurisdiction, thus "it is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (cleaned up). Accordingly, when filing a motion for remand, the burden is on the removing party – Rahbar – to show that the requirements for removal have been met. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (citing *Carson v. Dunham*, 121 U.S. 421, 425-426 (1887)); *In re Tobacco/Governmental Health Care Costs Litig.*, 100 F. Supp. 2d 31, 35 (D.D.C. 2000); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 180 (D.D.C. 2003); *Page v. Whole Foods Mkt. Servs.*, No. 1:21-cv-1744, 2021 U.S. Dist. LEXIS 212149, at *5 (D.D.C. Nov. 3, 2021) (J. Nichols).

A notice of removal must clearly demonstrate the right to removal and the original jurisdiction of the federal court at the time the case was filed in state court. Any unresolved doubt as to the jurisdiction of the federal court or propriety of the removal must be construed in favor of remand. *Johnson-Brown*, 257 F. Supp. 2d at 177-78 (citing *Wilson*, 257 U.S. at 97 (1921); *Nat'l Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985); *Gateway*

---

[2] In *Rosengart I*, the Superior Court imposed more than $32,000 in sanctions against the Defendants and closed their evidentiary record as a further sanction. The Court also entered a default against BYNDfit. Accordingly, it was more practical to start a second case rather than to reinstate Pierre and Macaulay as defendants and bifurcate all evidentiary proceedings.

*2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 989 (D.N.J. 1996)); *see also Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327 (S.D. Ala. 2001) ("Unresolved doubts concerning the propriety of the removal must be resolved by remanding the action to state court."); *Rivers v. International Matex Tank Terminal*, 864 F. Supp. 556, 558 (E.D. La. 1994) ("It is important to remember that any ambiguities are construed against removal, because the removal statute should be strictly construed in favor of remand."); *Temmons v. Toyota Tsusho America, Inc.*, 802 F. Supp. 195, 197 (N.D. Ill. 1992) ("ambiguities are resolved against removal when doubt arises as to jurisdiction").

When a case is removed on the basis of diversity jurisdiction, "[w]hether there is complete diversity is typically assessed at the time the action is commenced." *Page*, No. 1:21-cv-1744, 2021 U.S. Dist. LEXIS 212149, at *6 (J. Nichols) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004). A court may look to other times when, for example, a complaint was amended. *Id.*

Here, Rahbar must show that: 1) his removal was timely; 2) complete diversity existed at the time the action was commenced in the Superior Court; and 3) that all defendants actually consented to removal. As explained below, Rahbar has not demonstrated a single element, despite his fabrication of fact and law, and therefore, Plaintiff respectfully asks that this Court remand the case and award fees and costs.

## III.   The Court Lacks Jurisdiction Because There Is Not Now, Nor Was There Ever, Diversity of Citizenship.

### a.   Plaintiff Michael Rosengart.

Plaintiff is an individual residing in Fairfax County, Virginia temporarily, but he is a citizen of Maryland, as correctly noted by Rahbar. Notice ¶ 1, 2, 11. Plaintiff moved to Virginia for work, but has at all times maintained his Maryland residency and address with an intent to return to Maryland permanently.

**b. Defendant Raymond Rahbar, Jr.**

Rahbar is an individual residing in Fairfax County, Virginia. *See* Notice ¶ 16. He uses his mother's address, 10110 Nedra Drive, Great Falls, VA 22066 for most purposes, including as the principal place of business and registered agent address for a variety of his businesses. At times, Rahbar also uses another address, 8533 Georgetown Pike, Mc Lean, VA 22012, as his residence. This address was previously owned and used by a limited liability company of the same name, also owned by Rahbar, but Rahbar recently transferred the title to his mother in an effort to shield assets from a growing list of creditors relating to BYNDfit's failure. More recently, Rahbar began using a third address for himself and his businesses, 34877 Harry Byrd Hwy, Round Hill, VA 20141. This property is owned by Rinaldi Rampen and his wife, Jessica Rampen. At all times relevant to this litigation, Rahbar has been a citizen of Virginia.

**c. Defendant Ryan Macaulay.**

Macaulay is an individual and, at all times relevant to this litigation, Macaulay has resided in Anne Arundel County, Maryland at 2228 Jacob Way, Gambrills, MD 20154. Compl. ¶ 9; Macaulay Ans. ¶ 9. Macaulay's Answer is attached as **Exhibit** 3. Copies of Macaulay's driver's license and United States passport, both listing him as a resident of Maryland, are attached along with an affidavit from Macaulay attesting to his Maryland residency. **Exhibits 4, 5.** Macaulay is a citizen of Maryland, and he was a properly named defendant at the time the case was commenced. Thus, there is no diversity with Plaintiff since Plaintiff is also a citizen of Maryland. *See* Notice ¶ 5 (admitting that diversity did not exist when the case was filed).

### d. Defendant Carl Heinz Pierre.

Pierre is an individual. At the time that this litigation commenced, Pierre resided at 1439 Chapin Street, NW, Washington, DC 20009. *See* Compl. ¶ 8; Piere Ans. ¶ 8. Pierre's Answer is attached as **Exhibit 6** (admitting that he lived at Chapin Street at the time).

Pierre, like Rahbar, uses a variety of addresses. For example, Pierre's business, Romulus and Remus, LLC, formed in December 2018, has used 1709 14th Street South, Arlington, VA 22204, as its principal place of business and location of its registered agent since its inception. **Exhibit 7**. This is also the address used on the company's tax returns. **Exhibit 8** (2020 and amended 2020 return).

However, in 2021, when Pierre submitted a falsified PPP loan application that exaggerated the employees and payroll for BF Georgetown Waterfront LLC to City First Bank, Pierre used a Virginia driver's license listing 205 Yoakum Pkwy, Unit 424, Alexandria, VA 22304, a property owned by Pierre's wife, Katelyn Partlow. The license has a reissue date of December 1, 2020. **Exhibit 9**. And, when Pierre filed a frivolous motion to quash a subpoena to the Defendants' tax preparer in the Superior Court, Pierre submitted a false affidavit to the Superior Court claiming to be a resident of Maryland. **Exhibit 10**.

Despite the above, it appears that Pierre resided in the District of Columbia when the case was filed and now Pierre resides and intends to reside in Virginia on a permanent basis, making him a citizen of the District of Columbia at the time the case was filed, and a citizen of Virginia at the present.

### e. The Entity Defendants.

Rahbar alleges that limited liability companies, like BF Management and BYND Holding, are treated the same as a corporation for purposes of determining citizenship, meaning that they

are a citizen where they are formed and where they have their principal place of business. Notice ¶¶ 14, 15. This is incorrect, and Rahbar, who holds law degrees from Syracuse and Georgetown, certainly knows it is incorrect. Rahbar presents his false argument only to make his third improper notice of removal colorable in furtherance of his continued efforts avoid and delay the looming judgment against him.

As observed in *Johnson-Brown*, 254 F. Supp. 2d 175, "the Supreme Court has long maintained a bright-line rule limiting corporate citizenship to corporations." *Id*. at 178 (citing *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (explaining that "the tradition of the common law . . . is to treat as legal persons only incorporated groups and to assimilate all others to partnerships")) (quoting *Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933)). The *Johnson-Brown* court observed: "Throughout a century of rulings, the [Supreme] Court has displayed an 'admirable consistency' of jurisprudence by refusing to extend corporate citizenship to other legal persons or entities." *Johnson-Brown*, 254 F. Supp. 2d at 178 (citing *Carden*, 494 U.S. at 189).

For more than 100 years, the citizenship of a non-corporate entity, including a limited liability company, has been determined by the citizenship of all of its members. *Carden*, 494 U.S. at 195 (citing *Chapman v. Barney*, 129 U.S. 667, 682 (1889)); *see also Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017) (discussing the differences between corporate and non-corporate entities for diversity jurisdiction); *C.F. Folks, Ltd. v. MCP II Jefferson, LLC*, No. 1:19-cv-01024, 2019 U.S. Dist. LEXIS 206872, at *6 (D.D.C. Dec. 2, 2019) ("LLCs are citizens of all states of which their members are citizens.") (J. Nichols).

When the members of a non-corporate entity are themselves non-corporate entities, then the citizenship of the members must be traced all the way through to the end for the purposes of diversity jurisdiction. *Jakks Pac*, 270 F. Supp. 3d at 195 ("The citizenship of the members of an

LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on.") (citing *Bayerische Landesbank v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49 (2nd Cir. 2012); *see also C.F. Folks*, No. 1:19-cv-01024, 2019 U.S. Dist. LEXIS 206872, at *6 (J. Nichols) (tracing the full citizenship of a Maryland real estate investment trust "REIT" held by multiple layers of LLCs). Accordingly, this Motion now traces the members of the Entity Defendants below.

### i. BF Management LLC.

BF Management was organized by Rahbar on February 5, 2019, in Virginia. **Exhibit 11**. On November 19, 2020, BF Management filed its Answer with a D.C. Super. Ct. Civ. R. 7.1 disclosure stating that it has no parent corporation. **Exhibit 12**.

On May 14, 2021, Plaintiff deposed Rahbar individually and as the D.C. Super. Ct. Civ. R. 30(b)(6) representative of the Entity Defendants. Rahbar testified that he owns BF Management: "[Scher] Q. … Then we have BF Management, who owns that? [Rahbar] A. I believe I do." Rahbar Dep. 59:18-20 (May 14, 2021). **Exhibit 13**.

More recently, in the bankruptcy case filed for BF Management, Rahbar listed that he owns 100% of BF Management. *See* Debtor's Schedule A/B, *In re BF Management, LLC*, No. 23-10919-BFK (June 28, 2023) Doc. 24-1 (although filed as a chapter 11 petition, the court recently converted the case to Chapter 7 due to apparent bad faith and fraud). Clearly, it would appear that Rahbar is a member of BF Management, meaning that the company is a citizen of Virginia.

Several documents obtained via subpoenas suggest that Rahbar is intentionally concealing additional members of BF Management, including Pierre and Macaulay.

On October 8, 2019, Macaulay personally guaranteed a $500,000 loan from FVCbank to BF Management. **Exhibit 14**. BF Management defaulted and FVCbank sued Macaulay, who

settled and is now repaying BF Management's debt. *See FVCbank v. Macaulay*, No. CL-2022-4361 (Va. Cir. Ct. FFX. Co. Apr. 1, 2022). The contribution of capital and sharing of debt, just like income, are common indicia of partnership and membership in a limited liability company.

On May 31, 2021, BF Management took out a second draw PPP loan through City First Bank. When asked to submit identification for the company's owner, BF Management provided the bank with Macaulay's Maryland driver's license and passport. **Exhibit 4**.

In further support of the PPP loan application, BF Management also submitted to the bank copies of its IRS Form 941 Employer's Quarterly Federal Tax Returns for quarters 1 through 4 of 2020. All four tax returns are signed by Ryan Macaulay as "partner," "managing partner," and "MP" for BF Management. **Exhibit 15** (copies of IRS Form 941 for Q1-Q4 2020).

Further, as of June 6, 2019, Macaulay and Pierre were listed as signatories with online banking access for BF Management's checking account at FVCbank. **Exhibit 16** (authorization at FVCbank).

BF Management's state and federal tax returns also indicate that there are additional members beyond just Rahbar. An undated draft 2019 tax return prepared by the company's tax preparer, Michael Kazemi ("Kazemi"), lists Pierre as a 95% owner of BF Management. Kazemi testified during his deposition that all information on the returns he prepared came directly from Rahbar himself while Rahbar sat in Kazemi's office reading off a laptop. Filed tax returns for 2020 and 2021 likewise list Pierre and his company, Romulus and Remus LLC ("Romulus and Remus") as the 95% owner of BF Management. Romulus and Remus, according to its tax returns, has two members, Pierre and his brother Paul Pierre. **Exhibits 17, 18** (declaration from Kazemi BF Management's tax returns).

In sum, it appears that when this suit was commenced, BF Management had at least the following members and citizenship for diversity purposes: Rahbar (Virginia citizen), Macaulay (Maryland citizen), Pierre (D.C. or Virginia citizen), and Paul Pierre (Virginia citizen). Accordingly, there was not and still is not diversity of citizenship amongst the parties.

### ii.  BYND Holding, LLC.

Rahbar organized BYND Holding in Virginia on March 28, 2018. **Exhibit 19** (articles of organization). On November 11, 2020, BYND Holding filed a D.C. Super. Ct. Civ. R. 7.1 disclosure stating that it has no corporate parents. **Exhibit 20** (disclosure statement).

On May 21, 2021, Rahbar testified individually and as the representative for BYND Holding that BYND Holding is owned by FB Club LLC ("FB Club") and Companion Cube LLC ("Companion Cube"). Rahbar Dep. 54:18-21 (May 14, 2021). **Exhibit 13**. Rahbar further testified that he does not know who owns Companion Cube, and that FB Club is owned by Iz Best Bro LLC ("Iz Best Bro"), yet another non-corporate entity. *Id* at 55:1-2; 62:9-20. Rahbar also testified that he owns 99% of Iz Best Bro, and that an individual named "Eric Raezar" owns 1% of Iz Best Bro.[3] **Exhibit 13**.

BYND Holding's 2019, 2020, and 2021 state and federal returns all list Companion Cube as a 25% member and FB Club as a 75% member of BYND Holding. **Exhibit 21** (tax returns).

Companion Cube's 2019, 2020, and 2021 state and federal returns in turn list Ryan Macaulay (99%) and Aiyssa Medlin (1%) as its sole members. According to the tax returns, Aiyssa Medlin resides at 9400 Grand Blvd, Apt. 2454, Largo, Maryland 20774. **Exhibit 22** (tax returns). Additional public records indicate that Ms. Medlin resides or has resided at Macaulay's home,

---

[3] Rahbar spelled out the Eric's name during the deposition, and appears to have deliberately misspelled his last name, which is actually Raezer.

located at 2228 Jacob Way, Gambrills, Maryland 21054. Accordingly, Companion Cube is a Maryland Citizen, which in turn makes BYND Holding a Maryland Resident.

FB Club's 2019, 2019 Amended, 2020, 2020 Amended, and 2021 tax returns list Rahbar, Raezer, and Joash [sic] Wu ("Wu") as the company's members each year. According to the tax returns, Rahbar, Raezer, and Wu are citizens of Virginia, meaning that FB Club was and is a citizen of Virginia, and therefore BYND Holding is a citizen of Virginia. **Exhibit 23** (tax returns).

Iz Best Bro's 2019, 2020, 2020 Amended, and 2021 tax returns list Rahbar, Wu, Max Masinter, Anthony Mokabber, and Raezer, as members in each year. According to the tax returns, Masinter is a citizen of Maryland, while the rest of the members of Iz Best Bro are citizens Virginia, meaning that Iz Best Bro, and therefore BYND Holding was and is a citizen of Maryland, and therefore there is no diversity of citizenship.

### iii.  BYNDfit

BYNDfit is a partnership under D.C. law. Like an LLC, a partnership shares the citizenship of each of its partners. The partners of BYNDfit include, at a minimum, Rahbar, Pierre, Ryan Macaulay, and Andrea Macaulay. These partners, at the time the case was commenced, were citizens of Virginia, the District of Columbia, and Maryland. Accordingly, BYNDfit is a citizen of Virginia, the District of Columbia, and Maryland, and thus there is not now, nor was there ever, diversity between the parties.

### IV.    The Removal is Untimely.

28 U.S.C. § 1446(b)(2) requires any defendant seeking to remove a case to file their notice of removal within 30 days of their receipt of the initial pleading. Looking in a light most favorable to Rahbar, the 30-day period for the last served defendant ended no later than January 13, 2021, just shy of 1,000 days ago. *Id.*; *see also Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 37

(D.D.C. 2011) ("Within thirty days after service of the complaint, the defendant must file a notice of removal.").

Rahbar argues that Defendant BYNDfit has not been served, and then attempts to contort this false assertion into an argument that his own removal is somehow timely nearly 1,000 days after he was served with the initial pleadings. As discussed below, each Defendant was served repeatedly years ago, and thus Rahbar's Notice is untimely.

The case was initiated at the start of the shutdowns due to the COVID-19 pandemic and service of process was initially delayed. Defendants exacerbated the delay by attempting to evade service. Plaintiff sought, and the Superior Court granted, several extensions before Plaintiff completed service on all defendants in December 2020. *See* **Exhibit 2** at 5-10.

Pursuant to D.C. Code § 29-104.12, Plaintiff served the Entity Defendants through the D.C. Department of Consumer and Regulatory Affairs ("DCRA") on April 3, 2020. *See* **Exhibit 24** (affidavits of service on DCRA from private process server). On Aug. 15, 2020, Plaintiff served Macaulay with his individual summons and summonses for the Entity Defendants, along with all of the requisite papers. *See* **Exhibit 25** (affidavit of service). Due to errors at the DCRA, Plaintiff did not receive valid proof of service from the DCRA following the April 3, 2020, DCRA service. As a result, the DCRA served the Entity Defendants a second time under D.C. Code § 29-104.12 on August 19, 2020. *See* **Exhibit 26** (DCRA certificates of service). At this point, the Entity Defendants, including BYNDfit, were served a total of three times.

On October 24, 2020, Plaintiff served Rahbar at his then home of record, 10110 Nedra Drive, Great Falls, VA 22066, which is owned by his mother, Mahrou Rahemi (aka Mary Bar and Mary Barr). *See* **Exhibit 27** (affidavit of service). The documents served on Rahbar included the summonses for the Entity Defendants, along with all requisite pleadings, notices, and orders. This

address was used on numerous corporate documents for the Defendants and was listed as the address for Rahbar as registered agent for BYND Holding and BF Management. This was the fourth time the Entity Defendants, including BYNDfit, were served.

On November 19, 2020, Steven R. Freeman, Esq, ("Freeman") then counsel for the Entity Defendants, Pierre, and Macaulay, filed answers for BYND Holding, BF Management, Pierre, and Macaulay. *See* **Exhibit 2** at 8-9.

During a scheduling conference on December 11, 2020, Freeman, despite not being Rahbar's counsel, argued that Rahbar was not properly served. Freeman, who entered his appearance for all Entity Defendants, including BYNDfit, did not contest service for any other Defendant. The Superior Court directed Plaintiff to submit further proof of service and indicated that the court would then order Rahbar to answer or be held in default. *See* **Exhibit 2** at 9 (Dec. 11, 2020).

Plaintiff again served Rahbar on December 14, 2020. *See* **Exhibit 28** (affidavit of service).[4] And again, service included the summonses for the Entity Defendants and Rahbar individually, along with the requisite pleadings, notices, and orders. This was the fifth time all Entity Defendants were served. Rahbar still did not answer, and Plaintiff filed a motion to require Rahbar to answer or be held in default, which the Superior Court granted on January 29, 2021. *See* **Exhibit 2** at 10.

At all times relevant to this litigation, Rahbar was the registered agent for BYND Holding and BF Management, and Rahbar, Pierre, and Macaulay were officers of the companies. BYNDfit, because it is a partnership, never listed a registered agent for itself with any jurisdiction. Plaintiff alleges that Rahbar, Pierre, Ryan Macaulay, and Andrea Macaulay, among others, are partners in

---

[4] This affidavit of service includes discussion of the formation documents and registered agents for the Entity Defendants, which is relevant to service and jurisdiction.

BYNDfit, and thus service on any of those partners is effective service on the limited liability companies and partnership.

Following the repeated service on all Defendants, BYNDfit filed a motion to dismiss arguing that it is merely a tradename, and thereby further providing the Superior Court with jurisdiction via voluntary appearance. BYNDfit did not argue about lack of service. The Superior Court denied the motion. BYNDfit then served discovery responses, engaged in motion practice, consented to a judgment for unpaid sanctions, and otherwise participated in the litigation while never arguing that it was never served. The Superior Court then entered a default because BYNDfit refused to file an answer after its motion to dismiss was denied. *See* **Exhibit 2** at 48 (Feb. 2, 2023). Accordingly, Rahbar's arguments about service and the timeliness of his Notice are both factually and legally frivolous.

## V.       Rahbar Failed to Obtain and Demonstrate the Consent of All Defendants.

28 U.S.C. § 1446(b)(2)(A) requires all defendants to join or consent to the removal of the state court action. As noted above, Defendant BF Management Chapter 11 bankruptcy was involuntarily converted to Chapter 7. Rahbar has not sought, obtained, or documented the consent of the Chapter 7 trustee who controls BF Management. *See In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va Sept. 13, 2023) Doc. 47 (order converting voluntary Chapter 11 Chapter 7 upon motion by Office of the U.S. Trustee). Since Rahbar has not demonstrated that BF Management (or any other defendant) has actually consented to removal, this Court should remand the case back to the Superior Court.

### VI.    Remand is Mandatory

Rahbar admits that "At the time of filing the complaint, diversity jurisdiction did not exist as then co-Defendant Ryan Macaulay and then co-Defendant Carl Pierre resided in the same state as Plaintiff - Maryland." Notice ¶ 5. This single line alone is enough to remand this case.

Rahbar attempts to overcome the fatal fact that diversity did not exist when the case was commenced by asserting that Macaulay and Pierre "were wrongfully attached to the case" and voluntarily dismissed. Notice ¶ 7. But Rahbar does not provide a single fact in support. As explained above, Pierre and Macaulay were not "wrongfully attached." Rather, they were voluntarily dismissed without prejudice and without any settlement agreement due to their own false statements as well as those of their counsel and Rahbar, who all claimed that Pierre and Macaulay held no interest in the Entity Defendants. After conducting third party discovery, Plaintiff obtained a host of documents that prove that the statements were false and that Rahbar provided false sworn testimony during his deposition in May 2021. Plaintiff then brought a second lawsuit alleging wage theft based on the same facts against Pierre and Macaulay, which is still pending. In sum, Pierre and Macaulay were properly joined and served as defendants, and thus 28 U.S.C. § 1442(b)(2) mandates remand. 28 U.S.C. § 1442(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Even if Pierre and Macaulay were not properly joined, as Rahbar alleges, Rahbar's Notice still fails because he disregards and misstates more than a century of Supreme Court jurisprudence regarding the treatment of non-corporate entities. At the time this action was commenced, and today, the Entity Defendants, via multiple partners and members, were citizens of Virginia, the

District of Columbia, and Maryland. This fact again renders Rahbar's removal improper and mandates remand because there is no diversity of citizenship.

Further, Rahbar missed his deadline to seek removal by nearly 1,000 days. He attempts to cure this third fatal flaw by frivolously arguing that BYNDfit was never served, and claiming without any legal authority that an issue with service relating to BYNDfit somehow extends Rahbar's deadline to remove. Rahbar's argument is legally and factually incorrect.

Finally, while Rahbar claims that he removed the case with the consent of his co-defendants, he fails to prove that he actually obtained their consent, and at no time has Rahbar sought, obtained, or documented the consent of the Chapter 7 trustee appointed in BF Management's bankruptcy. This fact too, mandates remand under 28 U.S.C. § 1446(b)(2)(A).

## VII.    This Case is a Textbook Example of When Fees and Costs Should be Awarded for Improper Removal Under § 1447(c)

28 U.S.C. § 1447(c) provides that "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. "The imposition of costs and expenses is at the court's discretion." *Johnson-Brown*, 257 F. Supp. 2d at 181 (citing *Weigert v. Georgetown Univ.*, 43 F. Supp. 2d 5, 7 (D.D.C. 1999)).

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted).

"Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly

18

impose costs and expenses incurred as a result of the removal." *Johnson-Brown,* 257 F. Supp. 2d at 181 (citing *Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001); *see also Hofler v. Aetna US Healthcare of Calif.*, 296 F.3d 764, 770 (9th Cir. 2002) (stating that "such fees are proper when removal is wrong as a matter of law"); *Ibrahim v. 1417 N Street Assocs., L.P.*, 950 F. Supp. 406, 408 (D.D.C. 1997) (explaining that "the award of costs on remand is usually appropriate only when the nonremovability of the action is obvious"); *Elanex Pharma., Inc., v. Wegner & Bretschneider, P.C.*, 129 F.R.D. 381 (D.D.C. 1989) (Awarding fees and costs under § 1447(c) and observing that **even a good faith but mistaken removal justifies fee shifting** due to the operation of Rule 11, which requires a reasonable inquiry by the removing party: "the defendants, and not [plaintiff], should bear the costs of this mistake.") (emphasis added).

Rahbar's removal is wholly inappropriate and based on both factual and legal fiction. On its face, Rahbar's removal is improper, insofar as the Notice itself at ¶ 5 states that diversity was not present at the time the action was commenced. From there, Rahbar relies on arguments, which contradict more than a century of bright-line law from the nation's highest court, to misstate and conceal that the Entity Defendants' citizenship destroys diversity, even if Pierre and Macaulay were never parties.

Rahbar also falsely claims that Defendant BYNDfit was never served, which is belied by the proofs of service filed in the Superior Court and BYNDfit's years-long participation in the Superior Court, as well as the default entered against BYNDfit by the Superior Court on February 2, 2023. *See* **Exhibit 2** at 48 (docket showing default). Without any legal authority, Rahbar then suggests that the fiction he invented somehow excuses his nearly 1,000-day delay in seeking removal.

Rahbar's removal is not just facially defective and based on legal and factual fiction, it is abusive and filed for the sole purpose of delaying an *ex parte* hearing that was scheduled to be conducted by the Superior Court **the same day** Rahbar filed his Notice. That hearing, when finally conducted, is anticipated to result in a seven-figure judgment enforceable against Rahbar individually.

If there ever was a case that justified an award of "costs and any actual expenses, including attorney fees, incurred as a result of the removal," it is this one. Plaintiff believes this case is a textbook example of when fees should be awarded under § 1447(c). As with the improper removal for which this Court awarded fees in *Johnson-Brown*, 257 F. Supp. 2d at 181, Rahbar's "arguments in favor of removal are dubious at best, if not disingenuous." *Id*. at 181. Indeed, "[g]iven the century of Supreme Court precedent, it is hard to imagine a more well-settled authority than the corporate-citizenship rule." *Id*. And, just as in *Johnson-Brown*, Rahbar's Notice "fail[s] to point to any lower court decision supporting [his] argument presumably because every court that has addressed the issue has held that LLCs do not qualify for corporate citizenship." *Id*. Rahbar likewise fails to cite to any authority to support his proposition that (imaginary) lack of service on one defendant extends another defendant's deadline to remove by nearly 1,000 days, or that he need not obtain and demonstrate the actual consent of his co-defendants. Accordingly, "because the [Rahbar's] removal petition is supported by no legal authority and therefore lacks merit," this Court should require Rahbar to pay Plaintiff's costs and actual expenses incurred as a result of the removal. *Id*.

## VIII.   Conclusion.

For all of these reasons, Plaintiff respectfully request that the Court grant Plaintiff's motion, enter an order remanding this case to the D.C. Superior Court, and award Plaintiff his costs and actual expenses, including attorney fees, incurred as a result of the improper removal.

Dated: October 10, 2023.                    Respectfully submitted,

Hoyer Law Group, PLLC

*/s/ David L. Scher*
David L. Scher (DCB 474996)
Hoyer Law Group, PLLC
1300 I St. NW, Ste. 400E
Washington, DC 20005
813-375-3700
dave@hoyerlawgroup.com

David C. Fulleborn (admission pending)
Hoyer Law Group, PLLC
2801 West Busch Blvd. Ste. 200
Tampa, FL 32580
813-375-3700
dfulleborn@hoyerlawgroup.com

*Counsel for Michael Rosengart*

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(M)

This motion was discussed with Raymond Rahbar, Jr., who stated that he does not consent to the motion. Plaintiff also emailed Mikhael Charnoff, counsel for the Entity Defendants other than BYNDfit, and he did not respond. However, Rahbar is the CEO of the Entity Defendants, and thus given his refusal to consent, it may fairly be presumed that no other Defendant would consent.

As for BF Management, the appointed Ch. 7 trustee, Ms. Janet Meiburger, has recently resigned, and the bankruptcy court has not yet appointed a replacement. Thus, Plaintiff could not confer with BF Management's estate on this motion. Plaintiff also notes that while Charnoff was hired prior to the bankruptcy to represent BF Management, neither BF Management nor any trustee has sought leave of the bankruptcy court to continue his employment pursuant to 11 U.S.C. § 327, and thus he likely lacks legal authority to speak or act on the behalf of BF Management.

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I caused a copy of the foregoing to be served via first-class mail on the following parties and attorneys:

Raymond Rahbar, Jr.
10110 Nedra Drive
Great Falls, VA 22066
*Pro se defendant and registered agent for BF Management*

Mikhael Charnoff
Charnoff Simpson, PLLC
111 Church Street, NW
Suite 202A
Vienna, VA 22180
*Counsel for BF Management and BYND Holding*

BYNDfit
10110 Nedra Drive
Great Falls, VA 22066

*/s/ David L. Scher*

22